520 P.2d 526

**Terry Lee WISSNER, aka Terry Lee Paroz, Petitioner,**

v.

**STATE of Arizona, City Court of the City of Tucson, Pima County, the Honorable Edward V. Lacambra, Chief Magistrate, City Court, City of Tucson, Respondents.**

**No. 2 CA–CIV 1610.**

Court of Appeals of Arizona, Division 2.

April 1, 1974.

Laber, Lovallo & Colarich, Ltd. by Joseph A. Lovallo and Jackson G. Gallup, Tucson, for petitioner.

James D. Webb, Tucson City Atty. by Thomas J. Wilson, Asst. City Atty., Tucson, for respondents.

## OPINION

KRUCKER, Judge.

The petitioner, defendant in a pending City Court criminal prosecution for shoplifting, seeks relief by way of special action from a denial of his motion to have his mental condition examined pursuant to Rule 11, Rules of Criminal Procedure, 17 A.R.S. The magistrate recognized the petitioner's right to have the issue of his competency to stand trial determined, but concluded that City Court lacked jurisdiction to conduct such inquiry and therefore petitioner's sole remedy was to petition Superior Court concerning his mental condition.

Rule 11.1, Rules of Criminal Procedure, provides:

"A person shall not be tried, convicted, sentenced or punished for a public offense while, as a result of a mental illness or defect, he is unable to understand the proceedings against him or to assist in his own defense." [1]

Rule 11.2, Rules of Criminal Procedure, provides:

"At any time after an information is filed or indictment returned, any party may move for an examination to determine whether a defendant is competent to stand trial, or to investigate his mental condition at the time of the offense, or both."

Rule 11.3, Rules of Criminal Procedure, provides in part:

"a. If the court determines that reasonable grounds for an examination exists, it shall appoint at least two mental health experts, at least one of whom must be a medical doctor, to examine the defendant and to testify regarding his mental condition."

The rule goes on to set forth the procedure for appointment of experts, the scope of their reports, and a provision for commitment by the court to a mental health facility under certain circumstances. Rule 11.5, Rules of Criminal Procedure, provides for a hearing on the question of a defendant's competency and the disposition to be made if the court finds the defendant to be incompetent. One of the available options is to order the defendant *civilly committed.*[2]

The position of the city prosecutor essentially is that the City Court has no authority to order an examination to determine a defendant's competency to stand trial, relying on the fact that Rule 11.2, supra, refers to the filing of a motion "At any time after an information is filed or indictment returned. . . ." He points out that the Comment to Rule 11.2 states:

"The motion to have the defendant's mental condition examined cannot be

---

1. The comment after the Rule indicates that Rules 11 and 25 were intended to supplant and completely replace A.R.S. §§ 13–1621 and 13–1621.01 (Supp.1972).

2. The Comment to Rule 11.5 states:
"If the court finds the condition of the defendant to be permanent, it can either commit the defendant civilly if it finds him committable under the civil standards of Ariz.Rev.Stat.Ann. § 36–514(c) (Supp. 1972) (dangerous to himself or others), or release him outright."

made until the information is filed or indictment returned. The purpose is to prevent a defendant from being committed before there has been a finding of probable cause to justify holding him for trial."

We do not agree that a motion to have a defendant's mental condition examined cannot be made in City Court, which has jurisdiction of the offense charged. It is true that Rule 11 makes no specific reference to misdemeanor proceedings and Rule 11.2, supra, refers only to an information or indictment. However, Rule 1.1, Rules of Criminal Procedure, states:

> "These rules shall govern the procedure in all criminal proceedings in all courts within the State of Arizona except that the Rules of Procedure in Traffic Cases shall continue to apply."

The Comment to the foregoing rule indicates that the Rules of Criminal Procedure are intended to provide uniform standards and procedures for criminal proceedings before all Arizona courts and are to govern non-record courts unless specifically stated otherwise in a particular rule. We are of the opinion that when Rule 1.1 is read in conjunction with Rule 11.2, the Supreme Court of this State intended that a motion to have a defendant's mental condition examined be made in the court having jurisdiction to try the defendant. Consequently, we find no "jurisdictional" impediment to the filing of petitioner's motion in City Court.

We are of the opinion, however, that the scope of a City Magistrate's inquiry is limited solely to resolving the question of whether reasonable grounds for an examination exist. We cannot conceive that it was intended otherwise than that the judge before whom the criminal prosecution was pending make the determination that "reasonable grounds for an examination exist." Rule 1.2, Rules of Criminal Procedure, provides:

> "These rules are intended to provide for the just, speedy determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, the elimination of unnecessary delay and expense, and to protect the fundamental rights of the individual while preserving the public welfare."

To shift this "reasonable grounds" determination from City Court would fly in the face of the declaration of purpose set forth in Rule 1.2, supra. If the City Court determines that reasonable grounds for an examination do not exist, the criminal proceeding does not have to be halted. However, should the determination be to the contrary, i. e., that reasonable grounds do exist, we are of the opinion that a mental health examination cannot be ordered by the City Court.

A proceeding to determine whether a defendant possesses sufficient mental capacity to be tried is a special proceeding of a civil nature. Ex parte Shaw, 115 Cal.App. 2d 753, 252 P.2d 970 (1953). The jurisdiction of City Court, as prescribed by law, is limited to cases arising under the city ordinances and violations of state laws committed within city limits. A.R.S. § 22–402. Thus, we see that it has no jurisdiction of civil matters. As noted above, Rule 11.5, Rules of Criminal Procedure, expressly provides that the court may order a defendant civilly committed at the conclusion of a competency hearing. Only the superior court has jurisdiction to determine sanity questions. A.R.S. §§ 36–501 to 36–514; State v. Pima County Superior Court, 103 Ariz. 369, 442 P.2d 113 (1968). We approve the following language in Ex parte Shaw, supra:

> "When, during the pendency of a criminal action in a municipal court, a doubt arises as to the sanity of the defendant, it is not only the duty of the court to order a trial of the issue and to suspend all proceedings in the criminal prosecution, but it must also certify the proceedings to the superior court. The criminal prosecution is not ended, it is merely suspended, and in order for it to be concluded, the question of sanity must

be determined by the superior court." 252 P.2d at 972.

It appears from the lengthy minute entry ruling on petitioner's motion that the magistrate was of the opinion that reasonable grounds existed for a mental examination, but denied the motion for the reason that it lacked authority. For the reasons herein expressed, the motion should have been granted and the matter referred to superior court for determination of the sanity question.

The subject ruling is vacated and the cause remanded with directions to proceed in a manner consistent with this opinion.

HATHAWAY, C. J., and HOWARD, J., concur.