THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES DeSPAIN, Defendant-Appellant.

Fourth District    No. 17601

Opinion filed June 7, 1982.

Brown, Hawkins, Basola & Mattingley, of Decatur (Gregory A. Mattingley, of counsel), for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Defendant was arrested and incarcerated by virtue of an information filed by the State's Attorney of Macon County alleging the offense of being a fugitive from justice (Ill. Rev. Stat. 1979, ch. 60, par. 30). In due course of time, a requisition warrant was received by the Governor of Illinois from the Governor of Arizona, and the Governor of Illinois thereupon issued his rendition warrant which was served upon defendant. Pursuant to section 10 of the Uniform Criminal Extradition Act (Act) (Ill. Rev. Stat. 1979, ch. 60, par. 27), defendant filed in the circuit court of Macon County a petition for a writ of *habeas corpus*. By agreement a hearing on the petition was set for October 30, 1981. Bond was fixed and defendant posted bail on October 28, 1981.

On the allotted date, October 30, the trial court heard argument on the validity of the Governor's rendition warrant and over objection by the defendant continued the hearing for one week to allow the State to supply what appeared to be a missing document in support of the rendition warrant. On November 6, 1981, the hearing was reconvened and the trial court denied the prayer of the *habeas corpus* petition.

On appeal defendant maintains that the rendition warrant was fatally defective and that the trial court erred in granting the continuance. We disagree and affirm.

Section 3 of the Act provides as follows:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging, except in cases arising under Section 6, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the Executive Authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judg-

ment of conviction or sentence must be authenticated by the Executive Authority making the demand." Ill. Rev. Stat. 1979, ch. 60, par. 20.

It is at once apparent that the Act provides three alternatives: the demand must be accompanied by (1) a copy of an indictment or an information supported by affidavit, or (2) a copy of an affidavit made before a magistrate together with a copy of any warrant issued thereon, or (3) a copy of a judgment of conviction or of sentence imposed in execution thereof, together with the statement of the demanding authority concerning escape or violation of parole.

In the instant case a copy of the Governor's rendition warrant is attached to the petition and it recites that "The Governor of the State of Arizona * * * has produced and laid before me a copy of an Complaint, Warrant [*sic*] * * *." Attached to the warrant are copies of instruments as follows:

1. Two copies of an Arizona Executive Department warrant for the arrest of defendant.

2. A requisition warrant from the Governor of Arizona to the Governor of Illinois.

3. A verified application for requisition to the Governor of Arizona from the County Attorney of Pinal County, Arizona.

4. An unverified statement of an investigator of the Department of Corrections of the Arizona State Prison that defendant was an inmate of the prison and escaped.

5. A copy of a warrant of arrest for defendant issued by a Justice of the Peace of Arizona, supported by an affidavit of that officer stating that he has compared "the foregoing copies of the Complaint and Warrant" with the originals on file in his office and that the copies are true and correct.

6. Authentication of the signature and office of the Justice of the Peace by the Clerk of the Superior Court of Pinal County, Arizona, and Judge of the Superior Court of Pinal County, Arizona.

Although the Governor's rendition warrant recites that a "Complaint, Warrant" had been laid before him, no complaint appeared in the documents attached to it when served upon defendant. He therefore argued at the hearing of October 30 that the warrant was fatally defective and that he was entitled to be discharged. The trial court ruled in substance that the omission of the complaint was only a clerical error and continued the cause for one week to give the State the opportunity to supply the omission.

At the hearing of November 6 the State did supply a copy of a complaint verified before the justice of the peace alleging escape from a correctional facility in violation of Arizona law. It was accompanied by a

certification of the justice of the peace and the same affidavit described as item No. 5 above was again attached.

Defendant first argues that the only documents resembling affidavits attached to the warrant are the application of the county attorney and the statement of the Department of Corrections investigator and that neither of these was executed before a magistrate as required by the Act. This argument misses the mark. While the record is somewhat muddled, it appears that the authorities were attempting to comply with alternative No. 1, a copy of an indictment or information, not with alternative No. 2, affidavits made before a magistrate. Alternative No. 1 proceeds under the requirements of section 111—3(b) of the Code of Criminal Procedure of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 111—3(b)), which provides that an indictment shall be signed by the foreman of the grand jury and that an information shall be sworn to by the State's Attorney. Alternative No. 2 proceeds under section 107—9 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 107—9), which provides for the issuance of a warrant upon verified complaint before a magistrate. The differences are further spelled out in sections 111—1 and 111—2 of the Code. Ill. Rev. Stat. 1979, ch. 38, pars. 111—1, 111—2.

Some of the confusion has doubtless arisen from what appears to be a difference in terminology between Arizona and Illinois. The charging instrument, as finally produced, is entitled "Complaint (Felony)" and is signed by a complainant before a magistrate. Such a complaint would not be valid under Illinois law since all felonies are required to be prosecuted by indictment or information. (Ill. Rev. Stat. 1979, ch. 38, par. 111—2(a).) However, it is apparent that a "complaint" in Arizona is the generic equivalent of an information in Illinois.

Defendant further argues that there is a contradiction between the Governor's rendition warrant, which recites that a complaint has been laid before him, and the supporting documents, which contain no such complaint. He cites *People ex rel. Ritholz v. Sain* (1962), 24 Ill. 2d 168, 180 N.E.2d 464, but that case is inapposite. In it the rendition warrant recited that it was based upon a complaint and warrant, while the supporting documents showed a judgment of conviction. The supreme court held the variance to be fatal. In the instant case there was no variance. When the document was ultimately supplied, it was a complaint. Furthermore, *Ritholz* has been strongly criticized by the supreme court in *People ex rel. Brown v. Jackson* (1971), 49 Ill. 2d 209, 213, 274 N.E.2d 17, 19, wherein the court labeled *Ritholz* as "a derelict on the body of the extradition law."

■■ The weight of authority is that deficiencies in the documents supporting the rendition warrant may be satisfied at a later time. In *Jackson* the supreme court said:

"In *People ex rel. Hackler v. Lohman*, 17 Ill. 2d 78, wherein we reviewed the law pertaining to extradition, at pages 88 and 89, we stated: 'The real issue in a *habeas corpus* proceeding is whether the prisoner is illegally restrained. In an extradition proceeding, the initial inquiry is whether the rendition warrant is *prima facie* sufficient to justify the detention. (*People ex rel. Poncher v. Toman*, 371 Ill. 275.) By the weight of authority, however, legal deficiencies in the rendition warrant may be cured, in *habeas corpus* proceedings for the discharge of the fugitive, by including with the return of the sheriff or producing at the hearing the papers on which the warrant was issued which show on their face that they are in due legal form and that the warrant was justified. 22 Am. Jur., par. 51, page 289; 89 A.L.R. 599.' " 49 Ill. 2d 209, 213, 274 N.E.2d 17, 19.

In the instant case the Governor's rendition warrant is *prima facie* evidence by its recitals that a "complaint, warrant" had been laid before him and no contrary evidence was introduced. Therefore, the State's *prima facie* case stood unrebutted, and the defendant was not entitled to be discharged. *People ex rel. Hernandez v. Elrod* (1981), 86 Ill. 2d 453, 427 N.E.2d 1209.

■■ Defendant further argues that the trial court abused its discretion in *sua sponte* continuing the hearing for one week to afford the State the opportunity to provide the missing document. The trial court characterized the omission as a clerical error. Defendant cites *Mann v. People* (1981), 98 Ill. App. 3d 448, 424 N.E.2d 883, as authority for the proposition that granting a continuance without the affidavit required by Supreme Court Rule 231(a) (73 Ill. 2d R. 231(a)) is error. We disagree.

In *Mann* the motion was made by the State and under a strict application of the rule the affidavit was required. In the instant case it was the court's own motion which is governed by subparagraph (e) of Rule 231. (73 Ill. 2d R. 231(e).) That portion of the Rule provides:

"The court may on its own motion * * * continue a cause for trial to a later day."

Undoubtedly, in the instant case, more careful attention to detail by the State was much to be desired, but all signs pointed to nothing more than a clerical error. The warrant recited that a complaint had been laid before the Governor of Illinois and the affidavit of the justice of the peace of Arizona stated that he had compared the copy of the complaint with the original. The authorities which we have already discussed demonstrate that the documentation need not be attached to the warrant but may be supplied at a later stage of the proceedings. The trial court took the obvious course to save time and effort on the part of the judiciary, the executive departments of both States, and the defendant.

The order of the circuit court of Macon County denying the relief requested and quashing the writ of *habeas corpus* is affirmed.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.