139 Ariz. 175 (1984)
677 P.2d 1283
CITY OF PHOENIX, a municipal corporation, Petitioner,
v.
SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable David G. Derickson, Judge thereof; Arizona State Hospital, an agency of Arizona Department of Health Services, and Maricopa County, a political subdivision, Real Parties in Interest, Respondents.
No. 17094-SA.
Supreme Court of Arizona, In Banc.
January 11, 1984.
Reconsideration Denied February 15, 1984.
Andy Baumert, City Atty. by Richard J. Graci, Asst. City Atty., Phoenix, for petitioner.
*176 Robert K. Corbin, Atty. Gen. by Patrick J. Mitchell, Sp. Asst. Atty. Gen., and Thomas E. Collins, Maricopa County Atty. by Charles Gatewood, Deputy County Atty., Phoenix, for respondents.
CAMERON, Justice.
We accepted jurisdiction of this petition for special action filed by the City of Phoenix against the Superior Court of Maricopa County, its presiding judge, the Arizona State Hospital and the County of Maricopa. We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 8, Arizona Rules for Special Actions.
We must answer the following questions on appeal:
1. When a defendant awaiting trial in the city court for violation of a state statute is transferred to the superior court for a determination of competency, is the city responsible for the costs of that determination?
2. Is the city responsible for the cost of hospitalization after a determination of incompetency and commitment?
3. Regardless of the statute, is the city in this case required to pay for the cost of examination and commitment because of an agreement between the city and the county for the housing of city prisoners?
The facts necessary to decide these issues follow. In 1982, one Carol Mitchell was prosecuted in city court for misdemeanor trespass pursuant to state statute A.R.S. § 13-1503. A motion to determine competency was made and the case was transferred to the superior court for hearing pursuant to Rule 11, Arizona Rules of Criminal Procedure, 17 A.R.S. On 24 August 1982, after a competency hearing, the presiding judge of the superior court ordered Mitchell committed to the state hospital and ordered the city to pay for her hospitalization, as well as the cost of examination and treatment prior to determination. The hospital billed the city $23,345 for Mitchell's hospitalization, and threatened legal action if the bill was not paid.
On 25 May 1983, some nine months later, a petition for special action was filed in the Court of Appeals, Division One, by the city, claiming that the bill for Mitchell's hospitalization was a county expense pursuant to A.R.S. § 13-3992. The Court of Appeals, noting lack of jurisdiction, transferred the petition to this court. A.R.S. § 12-120.22(B). Even though the city is guilty of delay, we accepted the petition for special action, at the same time accepting a petition for special action in the companion case of City of Phoenix v. Superior Court, 139 Ariz. 180, 677 P.2d 1288 (1984), decided this day, to answer what we believe to be questions of statewide importance involving the expenditure of public funds.

IS THE CITY STATUTORILY LIABLE FOR THE COST OF THE COMPETENCY DETERMINATION?
The city concedes its liability for expenses of city prisoners arrested for violations of city ordinances, but claims that prisoners arrested for violation of a state *177 statute are county prisoners pursuant to A.R.S. § 31-121(C) and therefore medical expenses for such prisoners are chargeable to the county. We do not agree.
We note at the outset that the city has concurrent jurisdiction with justices of the peace over state crimes committed within the city limits, A.R.S. § 22-301, City Court of the City of Phoenix v. State ex rel. Baumert, 115 Ariz. 351, 353, 565 P.2d 531, 533 (App. 1977). Where a defendant arrested for violation of a state statute will be housed depends upon who makes the arrest and what, if any, agreements have been entered into by the city and the county.
Our statute reads in part:
A person who is arrested or charged with a violation of a city or town ordinance may be housed in a city or town jail, or in a county jail if the city or town makes contractual arrangements with the board of supervisors of that county to house prisoners. A county board of supervisors shall arrange to house a person who is arrested or charged with a violation of a state statute in a county jail or may arrange to house such a person in a city or town jail if the board contracts with the city or town to house such prisoners.
A.R.S. § 31-121(C). Paragraph C provides for two situations. First, it allows the city to enter into an agreement with the county for the county to house city prisoners. Second, it allows the county to enter into agreements with cities and towns for the cities or towns to house county prisoners. Implicit in the language of the statute is that the city shall pay the county for housing city prisoners and that the county shall pay the city for housing county prisoners. The statute is silent as to whether a person arrested by the city for violation of a state statute is a city or county prisoner.
We believe, however, that as long as the city has made the arrest and a charge is pending in the city court, that person is a city prisoner and the city is responsible for the expenses of housing the defendant. It does not matter whether the defendant is charged with a violation of a city ordinance or a state statute. To hold otherwise would allow the city, by charging a person under a state statute, to confer jurisdiction upon the county. At the very least, responsibility for a prisoner which the county may not have wanted to arrest would be forced upon the county. Until the city loses jurisdiction over the defendant, the defendant is a city prisoner and not a county prisoner.
Calling the defendant's competency into question does not relieve the city of jurisdiction. The trial is only suspended while the superior court, pursuant to Rule 11 of the Arizona Rules of Criminal Procedure, 17 A.R.S., determines the question of competency.
When, during the pendency of a criminal action in a municipal court, a doubt arises as to the sanity of the defendant, it is not only the duty of the court to order a trial of the issue and to suspend all proceedings in the criminal prosecution, but it must also certify the proceedings to the superior court. The criminal prosecution is not ended, it is merely suspended, and in order for it to be concluded, the question of sanity must be determined by the superior court.
Ex parte Shaw, 115 Cal. App.2d 753, 757, 252 P.2d 970, 972 (1953), cited with approval by our Court of Appeals in Wissner v. State, 21 Ariz. App. 432, 434-35, 520 P.2d 526, 528-29 (1974). We believe that during the determination of the defendant's competency, the defendant remains a city prisoner and that the city is responsible for the medical expenses.
The city, however, points to three statutes which it says indicate that even though the subject of the competency hearing is a city prisoner, the cost of treatment is a county expense. The applicable statutes concerning costs for those hospitalized "other than voluntarily" provide:
Except as provided in this chapter, costs of court proceedings * * * are a charge against the county in which the *178 patient resided or was found prior to hospitalization. * * *
A.R.S. § 36-545.04(A). And:
County charges are:
* * * * * *
Compensation of physicians for making examinations in insanity cases upon the request or order of the superior court.
A.R.S. § 11-601(7). And:
Except as provided in § 36-183.01 and title 36, chapter 29, the board of supervisors has the sole and exclusive authority to provide for the hospitalization and medical care of the indigent sick in the county, including long-term care and home health services as defined in § 36-151, paragraph 3, to indigent persons and indigent persons under the supervision of a county corrections agency. * * *
A.R.S. § 11-291(A) (footnote omitted). As to the last statute we note that city prisoners are not under the supervision of a "county corrections agency." Even though they may be housed in the county jail pursuant to agreement, they are under the supervision and control of the city. A.R.S. § 11-291(A) then does not relieve the city of the cost of treatment. The other two statutes cited by the city do require the county to pay for the cost of determining the competency of county residents, as well as their hospitalization. We believe, however, that the following statute is controlling:
When a defendant in a criminal action, any time prior to pronouncement of sentence, is committed to the state hospital, the expenses of transporting him to and from the hospital and of maintaining him while confined therein shall be a charge against the county in which the indictment was found or information filed, but the county may recover such expenses from the estate of the defendant or from a relative, town, city or county required by law to provide for and maintain the defendant. (emphasis added)
A.R.S. § 13-3992. The cardinal rule of statutory construction is to ascertain the meaning of the statute and intent of the legislature, Long v. Dick, 87 Ariz. 25, 28, 347 P.2d 581, 583 (1959), 80 A.L.R.2d 949, and we will interpret the statute in such a way as to give it a fair and sensible meaning. Robinson v. Lintz, 101 Ariz. 448, 452, 420 P.2d 923, 927 (1966). In doing this, special or specific statutory provisions will usually control over those that are general. State v. Davis, 119 Ariz. 529, 534, 582 P.2d 175, 180 (1978); State v. Lumbermens Indemnity Exchange, 24 Ariz. 306, 310, 209 P. 294, 296 (1922). In the instant case, we believe that A.R.S. § 13-3992, which specifically allows the county to recover from the city for the cost of committing a defendant in a criminal action to the state hospital, is specific and controlling over the general statutes cited by the city which provide that expenses of hospitalization and examination are a county charge. A.R.S. § 13-3992 goes further and makes these charges specifically payable by the city. We believe the legislative intent was to allow the county to recover the costs of a competency hearing from the city for city prisoners. We hold that the city is obligated to pay the expenses of a competency hearing for the defendant.
COSTS AFTER COMMITMENT
The next question is who is responsible for the cost of defendant's care after the defendant has been determined incompetent and has been committed. The county first contends that there are no provisions for a Rule 11 hearing of a city prisoner, citing Rule 11.2 which states:
At any time after an information is filed or indictment returned, any party may move for an examination to determine whether a defendant is competent to stand trial, or to investigate his mental condition at the time of the offense. The motion shall state the facts upon which the mental examination is sought. (emphasis supplied by the county)
Rule 11.2, Arizona Rules of Criminal Procedure, 17 A.R.S. The county points out that prosecutions in city justice courts are initiated by complaint rather than information or indictment. Because the rule specifically *179 mentions information and indictment and not complaint, the county claims Rule 11 competency matters do not apply to actions initiated by complaint. We do not agree.
A complaint is "a written statement of the essential facts constituting a public offense, made upon oath before a magistrate, or made in accordance with A.R.S. § 13-1422 [now § 13-3903]." Rule 2.3, Arizona Rules of Criminal Procedure, 17 A.R.S. An information is defined as "a written statement charging the commission of a public offense, signed and presented to the court by the prosecutor." Rule 13.1, Arizona Rules of Criminal Procedure, 17 A.R.S. In essence, the county asks us to hold that a complaint and an information are not functional equivalents as far as Rule 11 competency hearings are concerned. We do not so hold. The intent behind Rule 11.1 is to insure that a defendant in a criminal action in this state shall not be tried and punished if he is unable to understand the proceedings against him or to assist in his defense. The fact that a complaint rather than an information brings the defendant before the court should not alter this right. See People v. DeSpain, 106 Ill. App.3d 934, 937, 62 Ill.Dec. 722, 724, 436 N.E.2d 748, 750 (1982) (complaint in Arizona is generic equivalent of information in Illinois); Gunn v. City of Birmingham, 402 So.2d 1122, 1124 (Ala.Cr.App. 1981) (complaint synonymous with information); Black's Law Dictionary 356-57 (4th ed. 1957). We believe that the information and complaint are functional equivalents, and the fact that a complaint was used to take the defendant into custody does not defeat the jurisdiction of the superior court in the Rule 11 hearing.
As to the liability of the county after commitment, we believe that once the defendant is committed to the state hospital, the trial is no longer suspended under Wissner, supra 21 Ariz. App. at 434, 520 P.2d at 528, but rather the trial is, at least until the defendant regains her competency, terminated. The defendant is no longer a city prisoner and, as a resident of the county in need of medical care, is the sole and exclusive responsibility of the county. A.R.S. § 11-291(A). The defendant is no longer a city prisoner but a county charge.
THE AGREEMENT
Prior to the arrest of the defendant, the City of Phoenix and Maricopa County had entered into an agreement pursuant to A.R.S. § 31-121(C) to have the county receive city arrestees for booking, detention, and jail. The agreement states:
6.2 The City shall be responsible for any and all special medical expenses for City Prisoners * * *.
The county claims that under this agreement between the city and the county, the city is liable for Mitchell's hospitalization. We do not think the agreement applies to the issue in the instant case. The agreement concerns responsibility for special medical care of city prisoners in the county jail. Once the defendant is committed to the state hospital for treatment, the city loses jurisdiction of the matter and the defendant is no longer a city prisoner; the defendant then becomes a county expense.
The matter is remanded with directions that the court order the city to pay those charges incurred prior to the commitment, and the county to pay those costs incurred after commitment.
Prayers for relief granted in part, denied in part.
HOLOHAN, C.J., GORDON, V.C.J. and HAYS and FELDMAN, JJ., concur.