CAMERON, Justice.
This petition for special action was filed in the Court of Appeals by the City of Phoenix against the Superior Court of Maricopa County and certain mental health experts who have examined defendants for competency determinations. The Court of Appeals, noting lack of jurisdiction, transferred the case to this court pursuant to A.R.S. § 12-120.22(B). We have jurisdiction pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 8, Arizona Rules for Special Actions.
We must answer only one question: Does the superior court have jurisdiction to order the city to pay for treatment and hospitalization of a city defendant referred to the superior court for a Rule 11 competency hearing?
The procedures adhered to by the parties are as follows. When the question of a defendant’s competency is raised in the Phoenix City Courts, the matter is transferred to the superior court for a competency hearing pursuant to Rule 11, Arizona Rules of Criminal Procedure, 17 A.R.S., Rule 4.8, Maricopa County Local Rules of Practice, and Wissner v. State, 21 Ariz.App. 432, 520 P.2d 526 (1974). In addition to making a determination of competency, the superior court determines costs and fees incurred in making the competency determination, including the fees for mental health experts *181 appointed by the court, and assesses these fees and costs against the city.
The city brought two special actions seeking relief from the orders of the respondent judge of the Maricopa County Superior Court. We disposed of the question as to who is responsible for the cost of the determination of competency and commitment in the companion case of City of Phoenix v. Superior Court, 139 Ariz. 175 677 P.2d 1283 (1984), decided this day. There we held the city liable for the cost of determining the defendant’s competency and the county responsible after a determination of incompetency and commitment. In this action we must determine, assuming the charges are appropriate, if the superior court has the authority to order the city to pay these charges to the mental health experts. We believe it does.
The jurisdiction of the city court is criminal, but the city courts have jurisdiction to entertain motions for mental examinations under Rule 11, Arizona Rules of Criminal Procedure, 17 A.R.S.; Wissner v. State, supra, 21 Ariz.App. at 434, 520 P.2d at 528. That jurisdiction is limited to resolving the question of whether reasonable grounds exist for a mental examination. If reasonable grounds exist, the city court must suspend the criminal proceedings and the case is transferred to the superior court to determine the competency issue, which is civil in nature. Wissner, supra.
As the Court of Appeals has noted, “[t]he criminal prosecution is not ended, it is merely suspended, and in order for it to be concluded, the question of sanity must be determined by the superior court.” Wissner, supra, at 434-35, 520 P.2d at 528-29, quoting Ex parte Shaw, 115 Cal. App.2d 753, 757, 252 P.2d 970, 972 (1953). The city is responsible for all expenses that arise as a result of bringing the criminal prosecution in city court as long as the defendant is a city prisoner. See City of Phoenix v. Superior Court, supra 139 Ariz. at 178, 677 P.2d at 1286. Our statute further states:
When a defendant in a criminal action, any time prior to pronouncement of sentence, is committed to the state hospital, the expenses of transporting him to and from the hospital and of maintaining him while confined therein shall be a charge against the county in which the indictment was found or information filed, but the county may recover such expenses from the estate of the defendant or from a relative, town, city or county required by law to provide for and maintain the defendant, (emphasis added)
A.R.S. § 13-3992. We believe by this statute the legislature intended to allow the county to recover the costs of a competency hearing from the city when the defendant is a city prisoner. The fees for the expert witnesses are part of the cost of a competency determination, and A.R.S. § 13-4014(A) specifically provides that such fees be determined by the court.
The city does not deny that it is properly before the court, but claims that orders requiring the city to pay persons not before the court are void. The city reasons that the orders to pay the fees of mental health experts run in favor of one not a party to the action, and are therefore improper, citing McDonnell v. Southern Pacific Company, 79 Ariz. 10, 12, 281 P.2d 792, 793 (1955). To adopt the reasoning of the city would be to hold that whenever a court orders a party to pay the fees for expert witnesses the court would be ruling in favor of a non-party to the action, and that therefore the court’s order would be void. We do not agree.
McDonnell, supra, was an action to quiet title to land. The issue before the court was which party, the plaintiff or the defendant, held title. The trial court determined that a third entity, not a party to the suit, owned the land. We stated that even though the court was perhaps correct on the facts, the judgment was not binding on any party because the litigation did not include the third party. Id. at 12, 281 P.2d at 793. We held that the court had no jurisdiction to render judgment in favor of one not a party to the action. The issue in *182 the instant case is the competency of the defendant. Since we have held that the city is responsible for the costs up until the time of commitment, these expert witness fees must be paid by the city. See also Rules 26(b) and 54(f), Arizona Rules of Civil Procedure, 16 A.R.S. There is no reason why the judge who determines the defendant’s competency may not also, at the same time, determine and approve the costs incurred in making that determination. To require the county to pay and then separately bill the city would be a useless and unnecessary act. We believe that the court has jurisdiction to order the city to make such payments.
Prayer for relief denied.
HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.