NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

DANIEL J. WINDSCHILL, *Petitioner/Appellant*,

*v.*

MOLLY A. WINDSCHILL, *Respondent/Appellee*.

No. 1 CA-CV 22-0717 FC
FILED 7-25-2023

Appeal from the Superior Court in Maricopa County
No. FC2021-094087
The Honorable John L. Blanchard, Judge

**AFFIRMED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Kristi A. Reardon
*Counsel for Petitioner/Appellant*

Stanley David Murray, Attorney at Law, Scottsdale
By Stanley David Murray
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Jennifer B. Campbell delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge David D. Weinzweig joined.

---

**C A M P B E L L**, Judge:

¶1　　　　Daniel J. Windschill (Father) appeals the superior court's ruling allowing Molly A. Windschill (Mother) to relocate to South Dakota with the parties' two children. Finding no abuse of discretion, we affirm.

## BACKGROUND

¶2　　　　Both parties grew up in South Dakota where they married in 2013. The couple had two children, one born in 2018 and a second in 2020. The family moved to Arizona in 2020 to allow Father to attend medical school.

¶3　　　　In 2021, Mother and the children returned to South Dakota. The parties dispute whether Father agreed to this move. Four months later, Father petitioned for dissolution, seeking temporary orders requiring Mother to return the children to Arizona. Mother asked the court to allow her to stay in South Dakota with the children.

¶4　　　　The superior court issued temporary orders allowing the children to stay in South Dakota. The court, in the temporary orders, awarded Father parenting time one week a month in Arizona. His parents agreed to facilitate the travel, and the parties were required to share the cost equally. Father's parents traveled with the children from South Dakota to Arizona seven times between December 2021 and August 2022. In May 2022, Father started a three-year medical residency in Arizona.

¶5　　　　In the final decree, the court found that Mother met her burden of showing that relocation to South Dakota was in the children's best interests. The court awarded Father parenting time of one week a month in Arizona and "reasonable parenting time when he travels to South Dakota." Father timely appealed.

**DISCUSSION**

¶6        Father argues the superior court applied the wrong legal standard when granting Mother's relocation request. He also disputes various factual findings made by the court on appeal. We review parenting time orders for an abuse of discretion, *Nold v. Nold,* 232 Ariz. 270, 273, ¶ 11 (App. 2013), but review questions of statutory interpretation de novo, *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020). We view the evidence in the light most favorable to upholding the superior court's ruling. *In re Marriage of Friedman*, 244 Ariz. 111, 113, ¶ 2 (2018).

## I. The Children's Best Interests Are Paramount Under A.R.S. §§ 25-103, 25-403.02, and 25-408.

¶7        Father contends the court erred in permitting relocation because it would impede his ability to exercise "frequent, meaningful, and substantial parenting time." In essence, Father contends Mother must prove relocation is not only in the best interests of the children under A.R.S. § 25-408 but also that the advantages of relocation outweigh "the public policy of maximizing parenting time." *See* A.R.S. §§ 25-103(B)(1), -403.02(B). However, as Father conceded at oral argument, this court recently declined to subject parents seeking relocation to that heightened burden of proof. *See Woyton v. Ward (Woyton II)*, 1 CA-CV 21-0728 FC, 2023 WL 2770748, at *2, ¶ 10 (Ariz. App. Apr. 4, 2023) (mem. decision) ("The plain language of Section 25-408(G), read in conjunction with Section 25-103(B)(1), does not impose a *heightened* burden of proof on the parent seeking relocation.").

¶8        Arizona's public policy is that "absent evidence to the contrary," it is in children's best interests "[t]o have substantial, frequent, meaningful and continuing parenting time with both parents." A.R.S. § 25-103(B); *see also Baker v. Meyer,* 237 Ariz. 112, 117, ¶ 12 (App. 2015). Such parenting time is of "fundamental importance," *Baker*, 237 Ariz. at 117, ¶ 12, and courts are to adopt a parenting plan that maximizes both parents' respective parenting time, A.R.S. § 25-403.02(B). Even so, our case law and statutes are clear: the children's best interests are paramount in determining the appropriate parenting time schedule. *J.F. v. Como,* 253 Ariz. 400, 403–04, ¶¶ 14–19 (App. 2022) ("[A] child's best interest represents the lens through which Arizona courts must review and decide all custody disputes."); A.R.S. § 25-403.02(B) (requiring parenting plan to be "[c]onsistent with the child's best interests").

¶9        To allow relocation, the superior court must consider all relevant factors under A.R.S. § 25-408(I), including the best-interests

findings under A.R.S. § 25-403. A.R.S. § 25-408(G). In so doing, the court must consider "[w]hether the relocation will allow a realistic opportunity for parenting time with each parent," and "[t]o the extent practicable . . . make appropriate arrangements to ensure the continuation of a meaningful relationship between the child and both parents." A.R.S. § 25-408(G), (I)(5). The parent seeking relocation has the burden of proving, by a preponderance of the evidence, that relocation is in the children's best interests. *See* A.R.S. §§ 25-103(B)(1), -408(G); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶¶ 21–22 (2005) (declining to apply heightened evidentiary burden absent express statutory language). In making this determination, the court must weigh each of the enumerated factors.

¶10 Whereas A.R.S. §§ 25-103(B) and 25-403.02(B) contain a general directive to maximize both parents' meaningful parenting time, A.R.S. § 25-408 addresses the scenario at hand: the impact relocation would have on parenting time. *See City of Phoenix v. Superior Court (Ariz. State Hosp.)*, 139 Ariz. 175, 178 (1984) (noting "special or specific statutory provisions will usually control over those that are general"). Read together, the statutes require the court to weigh any proposed relocation in a manner that considers the fundamental importance of parenting time and all other relevant factors in light of what is in the children's best interests. *See* A.R.S. §§ 25-103(B), -403.02(B), -408; *see also Pollock v. Pollock*, 181 Ariz. 275, 277 (1995) (holding that parents' competing rights "must be adjusted in accordance with the best interests of the child"). Maximizing parenting time is a priority, but the best interests of the children is paramount under A.R.S. §§ 25-103, 25-403.02, and 25-408. Accordingly, the court is not required to award Father the maximum parenting time possible, "particularly when the [parents] live in different states or are separated by a considerable distance," if it would not be in the children's best interests. *See Woyton v. Ward (Woyton I)*, 247 Ariz. 529, 531, ¶ 6 (App. 2019) (applying A.R.S. § 25-403.02 in context of relocation).

¶11 The necessary showing is set forth in A.R.S. § 25-408, which requires Mother to prove, by a preponderance of the evidence and in light of all relevant factors, that relocation was in the best interests of the children. We next consider if Mother has met her burden.

## II. Mother's Burden Under A.R.S. § 25-408

¶12 Father contends Mother failed to show that relocation was in the children's best interests, given the adverse impact on his parenting time. We disagree.

4

¶13        After considering all the relevant statutory factors, the court determined it was in the children's best interests to relocate to South Dakota. *See* A.R.S. § 25-408(I); *cf. Woyton I*, 247 Ariz. at 533, ¶ 12 (vacating where court failed to apply A.R.S. § 25-408). The court explained that Mother's reduced work schedule in South Dakota and the presence of extended family members would negate the children's need for daycare, resulting in increased time with Mother, frequent contact with extended family, and a substantial reduction in Mother's living expenses. If Mother and the children lived in Arizona, full-time daycare would be necessary given both parents' work schedules, reducing the time the children spent with Mother and also coming at a hefty cost. We find no error in the court's analysis and decision that relocation was in the children's best interests.

## A.  The Court Properly Weighed Relationships with Family.

¶14        Father argues the court erroneously prioritized consideration of the children's relationship with other family members over his ability to exercise parenting time. Not so. The children's relationship with other family members is a factor the court must consider in determining the children's best interests. *See* A.R.S. §§ 25-403(A)(2) (children's relationship with any other person who may significantly affect the children's best interests), 25-403(A)(3) (children's adjustment to home, school, and community), 25-408(I)(3) (advantage of move for improving children's general quality of life), 25-408(I)(8) (effect of move on children's stability).

¶15        Here, the court properly considered the children's relationship with both sets of grandparents and extended family in South Dakota as it relates to a best-interests determination. The court also considered that Father would exercise a similar amount of parenting time regardless of the children's location, whereas staying in Arizona would significantly reduce how much time the children spent with grandparents and other family members.

¶16        Given these findings, the *Woyton* cases are not analogous. In *Woyton I*, the superior court looked only to A.R.S. § 25-403, failing to apply the A.R.S. § 25-408 factors. 247 Ariz. at 533, ¶ 12. And in *Woyton II*, the mother who sought relocation failed to meet her burden of proof. 1 CA-CV 21-0728 FC, at *4, ¶¶ 22–23. She also acknowledged that the benefits of the child's relocation did not "outweigh" the child's relationship with her father. *Id.* at ¶ 22. Here, the court made findings regarding all relevant factors under A.R.S. § 25-408(I), including the best-interests factors, and found those factors weighed in favor of granting Mother's relocation request.

¶17 Father goes on to argue the court committed error by placing the travel burden on him instead of grandparents. But that mischaracterizes the court's determination. Upon weighing factors *including* frequent and meaningful contact with extended family, the court concluded relocation was in the children's best interests. That travel is now necessary for Father to exercise parenting time does not override this conclusion. In essence, Father is asking this court to weigh these factors differently, but balancing the competing considerations is the province of the superior court. *See Hurd v. Hurd,* 223 Ariz. 48, 52, ¶ 16 (App. 2009). Finding no abuse of that discretion or legal error, we affirm.

### B.        Evidence Supports the Cost-of-Living Findings.

¶18 Next, Father argues the evidence does not support the court's finding that Mother's cost of living is far lower in South Dakota. Although Father did not refute this at trial, he now contends Mother failed to prove what her living expenses would be in Arizona or whether she could work similar part-time jobs to minimize the need for daycare should the court deny her relocation request. A comparison of the parties' financial affidavits confirms that Father's overall cost of living is higher in Arizona. Mother testified that her housing costs would increase, even though she could not pinpoint the exact amount, and this fact was uncontested at trial. When coupling the increased housing costs with the additional requirement of daycare expenses, the higher cost of living for Mother in Arizona is undisputed by evidence in the record.

¶19 Father also contends that the higher cost of living in Arizona would be offset by the lack of travel expenses. But that ignores the need for full-time daycare in Arizona, which would negate any savings on travel expenses. Indeed, Father estimated the cost of full-time daycare to be $1,624 a month. The evidence supports the court's finding that Mother's cost of living is lower in South Dakota.

### C.        Mother's Willingness to Relocate is Immaterial.

¶20 Finally, Father contends that because Mother testified she would return to Arizona if the court denied her relocation request, the court should have denied her relocation request and required her to return to Arizona.

¶21 He would have us read A.R.S. § 25-403.02 as barring relocation unless a parent has "no choice" but to move. But whether the move is voluntary is not a factor the court must consider under A.R.S. § 25-408. In any case, we need not extrapolate a rule from A.R.S. § 25-403.02:

the legislature has accounted for relocation's impact on parenting time within the inquiry required under A.R.S. § 25-408. *See* A.R.S. § 25-408(G), (I)(5); *City of Phoenix*, 139 Ariz. at 178 (noting specific controls over general). Were we to adopt Father's reading, we would arrive at an illogical result—namely, the court must penalize Mother for being candid that her utmost priority was being with her children and that should the court deny relocation, she would return to Arizona. *See Patches v. Indus. Comm'n of Ariz.*, 220 Ariz. 179, 182, ¶ 10 (App. 2009) (encouraging courts to construe statutes to avoid "absurd" results). Mother's willingness to return to Arizona is not determinative of whether relocation to South Dakota was in the children's best interests. We therefore decline to adopt Father's reading of A.R.S. § 25-403.02.

### D.  Consideration of All Possible Parenting Scenarios

**¶22**        Father also contends the court had to compare all possible "parenting scenarios" and then select the option that maximizes his parenting time. He argues, because Mother was willing to return to Arizona the court had two options: (1) both parents in Arizona (i.e., no relocation), and (2) Mother as the primary residential parent in South Dakota while Father remained in Arizona (i.e., relocation). Father posits that because the latter option restricts his parenting time, the court had to deny relocation.[1] We disagree.

**¶23**        At oral argument, Father cited *Baker v. Meyer*, 237 Ariz. 112 (App. 2015), for the proposition that frequent parenting time pursuant to A.R.S. § 25-403.02 is the "overriding factor" in the court's decision regarding relocation. He mischaracterizes the court's required analysis. Although this court noted the legislature's "new emphasis on the fundamental importance of parenting time," it also underscored that the court must adopt a parenting plan "[c]onsistent with the child's best interests." *Baker*, 237 Ariz. at 116–17, ¶¶ 11–12 (quoting A.R.S. § 25-403.02(B)).

**¶24**        The facts of *Baker* are also distinguishable. There, a superior court order approving out-of-state boarding school for one child effectively reduced the mother's parenting time from 182 to 61 days per year. *Id.* at 115, ¶ 7. Even so, the superior court in *Baker* erroneously "failed to consider the

---

[1]        Father maintained at oral argument that the court did not consider a scenario with both parents in Arizona. Because the court made various findings applicable only if Mother and the children "return[ed] to Arizona," we reject this contention.

child's interests in having 'substantial, frequent, meaningful and continuing parenting time' with his mother" under A.R.S. § 25-103(B), or make "any related findings pursuant to" A.R.S. § 25-403. *Id.* at 117, ¶ 12. That is, the court drastically reduced the mother's parenting time without making any findings on the relevant statutory factors.

¶25        In this case, the court expressly noted that "absent evidence to the contrary, 'it is in a child's best interests . . . [t]o have substantial, frequent, meaningful and continuing parenting time with both parents[,']" and repeatedly contemplated how relocation would impact Father's parenting time in its express factual findings pursuant to A.R.S. § 25-408. Under the current parenting plan, Father receives seven consecutive parenting days a month in Arizona and "reasonable parenting time when he travels to South Dakota." Had the court denied relocation, Father would have been entitled to an overnight and two six-hour visits per week. In granting relocation, Father's parenting time was reduced by one day per month at most, and should he travel to South Dakota, could actually result in more time with the children.

¶26        Father argues the court considered only whether his parenting time would be "substantial" and not whether it would be "frequent and meaningful." In support of his argument that he can only exercise frequent and meaningful parenting time if the children live in Arizona, Father testified that he could "drop in" on sporting events and other activities. He testified it would be easier for him to exercise parenting time with the children in Arizona, which means he could resume the day-to-day parenting tasks he enjoyed before the relocation. However, Mother testified that Father did not do these things when they lived together. Indeed, the children accompanied Mother to Arizona for the trial. Mother made the children available to Father to exercise parenting time, however Father spent no time with the children over that week. Viewing the evidence in the light most favorable to upholding the decree, the court could have discredited Father's testimony about how much time he would spend with the children should they return to Arizona.

¶27        The court considered Father's contention that he could not exercise long-distance parenting time because of his demanding work schedule, but found he would face similar challenges even if the children lived in Arizona. The court also found that even if the children returned to Arizona, Father would not have significantly more time with them based on the demands of his work schedule.

**¶28** On the other hand, based on the family support and lower cost of living Mother enjoyed in South Dakota, the court found that she would be more able to spend time parenting the children if permitted to remain there. The evidence supports those findings. *See* A.R.S. § 25-408(I)(5).

**¶29** We find no abuse of discretion and affirm the parenting time and relocation order.

## CONCLUSION

**¶30** For the foregoing reasons, we affirm. Both parties request an award of attorneys' fees on appeal under A.R.S. § 25-324. After considering the parties' financial resources and the reasonableness of their positions, we order the parties to pay their own attorneys' fees on appeal. As the successful party, Mother is entitled to her costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA