IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| CAROL ANN POTTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 2 CA-SA 2010-0047 |
| v. | ) | 2 CA-SA 2010-0048 |
| | ) | (Consolidated) |
| HON. JANNA L. VANDERPOOL, Judge of | ) | DEPARTMENT B |
| the Superior Court of the State of Arizona, in | ) | |
| and for the County of Pinal, | ) | O P I N I O N |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, by and through | ) | |
| the Pinal County Attorney, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |
| | ) | |
| DEBRA JOY MERRYMAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HON. JANNA L. VANDERPOOL, Judge of | ) | |
| the Superior Court of the State of Arizona, in | ) | |
| and for the County of Pinal, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF ARIZONA, by and through | ) | |
| the Pinal County Attorney, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |

SPECIAL ACTION PROCEEDING

Pinal County Cause Nos. CR201000629 and CR201000648

JURISDICTION ACCEPTED; RELIEF GRANTED

Mary Wisdom, Pinal County Public Defender
  By Lisa M. Surhio
                                                            Florence
                                          Attorneys for Petitioners


James P. Walsh, Pinal County Attorney
  By Michael C. Larsen
                                                            Florence
                                 Attorneys for Real Party in Interest

K E L L Y, Judge.

¶1        In these consolidated special actions, we are asked to determine whether a superior court judge may refuse to appoint at least two mental health experts to assess a criminal defendant's competency to stand trial, after a court of limited jurisdiction has found, pursuant to Rule 11.2(c), Ariz. R. Crim. P., there are reasonable grounds to conduct a full competency examination. Based on the clear and unambiguous language of Rule 11.2(d), we hold that the superior court does not have the authority to review a lower court's decision and substitute its own reasonable grounds determination, but instead must order a full examination of the defendant and conduct additional proceedings consistent with Rule 11 to determine the defendant's competency to stand trial.

**Facts and Procedural History**

¶2            These special actions have arisen from separate criminal prosecutions brought against the two petitioners in Apache Junction Justice Court.  Petitioner Carol Ann Potter was cited for driving under the influence of an intoxicant (DUI), driving with an alcohol concentration (AC) of .08 or more, and driving with an AC of .15 or more (extreme DUI).  Potter's appointed counsel filed a motion pursuant to Rule 11, requesting a preliminary examination or "prescreening" to assess Potter's competency to stand trial, stating counsel had concerns based on Potter's "long mental health history."  Noting that a motion had been "filed for a Preliminary Examination pursuant to Rule 11.2(c), [Ariz. R. Crim. P.]," Justice of the Peace Dennis Lusk granted the motion and appointed Dr. Leo Munoz to conduct a prescreening examination of Potter "to determine whether reasonable grounds exist to order further examination of the Defendant."  Dr. Munoz evaluated Potter and, in the report he sent to Judge Lusk, opined Potter was not competent to stand trial and recommended a "[f]ull Rule 11" evaluation.  Thereafter, Potter filed a motion for a "full Rule 11" evaluation, which Judge Lusk granted, implicitly finding "reasonable grounds exist[ed] for further competency hearings."  Ariz. R. Crim. P. 11.2(d).

¶3            Consistent with Rule 11.2(d), the case was transferred to Pinal County Superior Court.  The respondent judge reviewed Dr. Munoz's report and stated in her minute entry ruling that "the actual information as to the defendant's understanding of the proceedings and her ability to adequately assist her attorney in this matter" did not support his opinion.  The respondent judge added she could "find no reasonable cause to

3

order further evaluations," found Potter "competent to stand trial," and ordered the matter "returned to the lower court for resolution, including the immediate setting of a trial/change of plea date." Potter filed a motion to reconsider the ruling and requested a full competency evaluation, which she asserted was mandatory under Rule 11.2(d). The respondent denied the motion and again ordered the matter returned to the justice court for final disposition.

¶4 Petitioner Debra Joy Merryman's case followed a path essentially parallel to Potter's. Merryman was cited for DUI and driving with a drug or its metabolite in her body. Her appointed counsel, the same attorney who represented Potter, requested a prescreening evaluation pursuant to Rule 11 based on Merryman's "mental health history" and counsel's "concern as to whether she is competent to stand trial." As he did in Potter's case, Judge Lusk noted that a request had been made pursuant to Rule 11.2(c) for a preliminary competency examination and granted the motion, appointing Dr. Munoz to evaluate Merryman to determine "whether reasonable grounds exist to order further examination of the Defendant." Dr. Munoz evaluated Merryman, found she was not competent to stand trial, and recommended a full Rule 11 evaluation. Thereafter, Judge Lusk granted the state's motion for a "full Rule 11 evaluation," implicitly finding "reasonable grounds exist[ed] for further competency hearings" pursuant to Rule 11.2(d) and transferring the case to Pinal County Superior Court. As in Potter's case, the respondent judge reviewed Munoz's report, disagreed with his conclusion, and found Merryman competent to stand trial. The respondent concluded no further evaluations were "necessary" and ordered the case returned to justice court "for further proceedings,

4

including the setting of a firm trial date." Merryman filed a motion to reconsider the ruling and requested a "full Rule 11 evaluation." After a hearing, the respondent denied the motion.

¶5       In seeking special action review, both Potter and Merryman contend that the respondent judge lacked the authority to review Judge Lusk's finding of reasonable grounds for further competency examinations and that Rule 11 required the respondent to appoint at least two mental health experts and to conduct further proceedings to determine petitioners' competency to stand trial. The state has filed a response to Merryman's petition in which it has taken no position on these issues.[1] Because the issues and arguments in both cases are the same, we have consolidated these special actions. And, for the reasons stated below, we accept jurisdiction and grant relief.

### Special Action Jurisdiction

¶6       Whether to accept special action jurisdiction is for this court to decide in the exercise of our discretion. *See State v. Campoy*, 220 Ariz. 539, ¶ 2, 207 P.3d 792, 795 (App. 2009). We do so here for a variety of reasons. First, "the issues raised . . . involve questions of law relating to the interpretation and application of procedural rules and are 'of statewide importance to the judiciary and the litigants who come before it on criminal matters.'" *Id.*, *quoting Bergeron ex rel. Perez v. O'Neil*, 205 Ariz. 640, ¶ 12, 74 P.3d 952, 958 (App. 2003); *see also ChartOne, Inc. v. Bernini*, 207 Ariz. 162, ¶¶ 8, 14, 83 P.3d 1103, 1106-07, 1108 (App. 2004) (noting questions of law, such as interpretation

---

[1]It filed a similar response to Potter's petition, but this court struck the response because the state had failed to comply with a procedural rule.

of procedural rule, particularly appropriate for de novo review by special action). Second, when, as here, a trial judge commits an error of law, the judge abuses her discretion, *see Campoy*, 220 Ariz. 539, ¶ 37, 207 P.3d at 804, one of the bases for granting special action relief, *see* Ariz. R. P. Spec. Actions 3(c).

¶7 Similarly, we may grant relief when a court has acted in excess of its legal authority or jurisdiction, as the respondent judge has here. *See* Ariz. R. P. Spec. Actions 3(b). And, from the respondent's having entered the same order in two cases, we can infer the error is likely to recur. *Cf. Francis v. Sanders*, 222 Ariz. 423, ¶ 9, 215 P.3d 397, 400 (App. 2009) (listing likely recurrence of issue among reasons for accepting special action jurisdiction). Additionally, the challenged orders are interlocutory, and the petitioners have no "equally plain, speedy, [or] adequate remedy by appeal." *See* Ariz. R. P. Spec. Actions 1(a); *see also Mendez v. Robertson*, 202 Ariz. 128, ¶ 1, 42 P.3d 14, 15 (App. 2002) (stating defendant had no adequate remedy on appeal from interlocutory order).

**Discussion**

¶8 "[W]e interpret court rules according to the principles of statutory construction." *Bolding v. Hantman*, 214 Ariz. 96, ¶ 16, 148 P.3d 1169, 1173 (App. 2006). Consequently, we are required to give effect to our supreme court's intent in promulgating a rule, keeping in mind that the best reflection of that intent is the plain language of the rule. *Lopez v. Kearney*, 222 Ariz. 133, ¶ 12, 213 P.3d 282, 285 (App. 2009). "If the language is clear and unambiguous, we give effect to that language and do

6

not employ other methods of . . . construction." *Fragoso v. Fell*, 210 Ariz. 427, ¶ 7, 111 P.3d 1027, 1030 (App. 2005).

¶9 Rule 11.2(a) provides that a party may, anytime after a defendant has been charged with an offense, request an evaluation to determine whether the defendant is competent to stand trial. In response to such a request, Rule 11.2(c) permits the court to order a "preliminary examination" of the defendant, often referred to as a prescreening evaluation, "pursuant to A.R.S. § 13-4503(C) to assist the court in determining if reasonable grounds exist to order further examination of the defendant." Subsection (d) of Rule 11.2, entitled "Jurisdiction," states as follows:

> Should any court determine that reasonable grounds exist for further competency hearings, the matter shall immediately transfer to the superior court for appointment of mental health experts; the superior court shall have exclusive jurisdiction over all competency hearings. If any court determines that competence is not an issue, the matter shall be immediately set for trial.[2]

Rule 11.3(a) states, "If the court determines [pursuant to Rule 11.2] that reasonable grounds for an examination exist, it shall appoint at least two mental health experts to examine the defendant and to testify regarding the defendant's mental condition." The remaining provisions of Rule 11.3 define the term "mental health expert," prescribe the

---

[2]Section 13-4503, A.R.S., which is entitled "Request for competency examination," essentially mirrors Rule 11.2. Thus, like Rule 11.2(c), § 13-4503(C) permits the court to order a mental health expert to examine the defendant to assist the court in deciding whether reasonable grounds exist for a more thorough competency evaluation. And like Rule 11.2(d), § 13-4503(D) provides, "Once any court determines that reasonable grounds exist for further competency proceedings, the superior court shall have exclusive jurisdiction over all competency hearings."

procedure for nominating experts, and direct how other aspects of the competency proceedings shall be conducted.[3] Other subsections of Rule 11 govern disclosure, hearings and orders. *See* Ariz. R. Crim. P. 11.4, 11.5, 11.6.

¶10      Because Rule 11.2 is clear and unambiguous we need not employ principles of construction to interpret the rule and determine its meaning. *See Levy v. Alfaro*, 215 Ariz. 443, ¶ 6, 160 P.3d 1201, 1202 (App. 2007). The rule plainly permits any party in any court, which necessarily includes a court of limited jurisdiction, to file a motion seeking a determination of the defendant's competency to stand trial. The rule gives "any court" the authority to address the motion and decide whether reasonable grounds exist for further investigation into the defendant's competency. Subsection (c) of the rule permits the court to order a preliminary examination to assist it in deciding whether reasonable grounds exist. But, distinguishing "any court" from the superior court, subsection (d) vests the superior court with exclusive jurisdiction to conduct proceedings beyond the preliminary reasonable grounds determination and to make the ultimate determination of the defendant's competency to stand trial.[4] Thus, the rule plainly provides that, if the court making the reasonable grounds determination is not the

---

      [3]Section 13-4505, A.R.S., is similar to Rule 11.3. Subsection (A) of the statute, like the rule, requires the court to appoint two or more mental health experts to examine the defendant once a court has determined reasonable grounds exist to conduct a competency examination.

      [4]Section 13-4503(D) mirrors the rule; it, too, establishes the superior court's exclusive jurisdiction to conduct further Rule 11 proceedings and decide if the defendant is competent.

superior court, the case must be transferred immediately to the superior court for the appointment of mental health experts.

¶11 Subsection (d) was added to Rule 11.2 in November 1996. *See* 187 Ariz. XLIX, L (1996) (supreme court's order of November 29, 1996, effective January 1, 1997). Well before the rule was amended, based on other rules and statutes limiting a city court's jurisdiction, we concluded that a court of limited jurisdiction had the authority to decide whether reasonable grounds existed to conduct further competency proceedings, but that only the superior court could conduct those further proceedings and decide the ultimate issue of the defendant's sanity. *Wissner v. State*, 21 Ariz. App. 432, 434, 520 P.2d 526, 528 (1974). We stated that, once the lower court found reasonable grounds to question a defendant's competency, the proceedings in the court of limited jurisdiction had to be suspended while the superior court decided the issue. *Id*. at 434-35, 520 P.2d at 528-29. The comments to Rule 11.2 are consistent with our conclusion and the process we recommended in *Wissner*. *See* Ariz. R. Crim. P. 11.2, cmts. The amendment to the rule simply codified the ruling in *Wissner* and streamlined the process by providing an automatic transfer of the case to the superior court once a court of limited jurisdiction has made the reasonable grounds finding.

¶12 Thus, the rule makes clear that a limited jurisdiction court has the authority to make the reasonable grounds finding under Rule 11.2 and that the superior court's role, in such case, is to conduct further competency proceedings as required by other provisions of Rule 11. Nothing in Rule 11.2 states or even suggests that, once the case is transferred, the superior court may review the lower court's finding and decide anew

9

whether reasonable grounds exist to examine a defendant's competency. Instead, the plain language of Rule 11.2(d) requires that, once a lower court has made that finding, the matter is immediately transferred to the superior court "for appointment of mental health experts" and further proceedings that the limited jurisdiction court lacks authority to conduct.

¶13         Had the supreme court intended to permit the superior court to review the other court's reasonable grounds finding or conduct a de novo review, we presume it would have so provided in the rule. Instead, by directing the matter be transferred to the superior court "for appointment of mental health experts," Ariz. R. Crim. P. 11.2(d), the supreme court evinced its intent that, once a court has made the reasonable grounds finding, the matter move on to the next phase of the Rule 11 process and the issue of a defendant's competency be determined after full proceedings consistent with the rule. *See, e.g.,* Ariz. R. Crim. P. 11.3(a) (requiring court to appoint two or more mental health experts upon finding reasonable grounds for examination exist).[5] Were we to interpret Rule 11.2 as permitting the superior court to review another court's reasonable grounds

_____

[5]We need not consider the purposes behind, or policy justifications for, the rule to determine its meaning because we are not employing principles of statutory construction, given the rule's plain language. *See Devenir Assocs. v. City of Phoenix*, 169 Ariz. 500, 503, 821 P.2d 161, 164 (1991) (if plain language of rule, like plain language of statute, does not disclose supreme court or legislature's intent, court "may look at the rule or statute's context, language, effects and consequences, spirit and purpose" to determine meaning). We infer, nevertheless, that one reason the rule does not provide for superior court review of any other court's reasonable ground determination is that the determination can be based on factors other than the prescreen report, including the court's observations of the defendant in the courtroom. *See State v. Moody*, 208 Ariz. 424, ¶ 48, 94 P.3d 1119, 1138 (2004) ("In determining whether reasonable grounds exist [for full Rule 11 evaluations], a judge may rely, among other factors, on his own observations of the defendant's demeanor and ability to answer questions.").

finding, we would be inserting words into the rule that do not exist.  This we cannot and will not do.  *See Cervantes v. Cates*, 206 Ariz. 178, ¶ 24, 76 P.3d 449, 455 (App. 2003) (recognizing appellate courts are "not free to rewrite" rules).

**¶14**        For the reasons stated, we conclude the respondent judge erred when she reviewed Dr. Munoz's reports, essentially considered the motions for competency evaluations de novo, and disregarded Judge Lusk's determinations pursuant to Rule 11.2(d) that reasonable grounds existed to conduct full competency proceedings in both cases.  Instead of replacing Judge Lusk's decisions with her own, the respondent was required to appoint mental health experts, conduct further proceedings in accordance with the relevant provisions of Rule 11, and then decide whether the petitioners are competent to stand trial.  Because the respondent exceeded her authority and erred as a matter of law, thereby abusing her discretion, we grant special action relief and vacate the challenged orders.  We direct the respondent judge to conduct further proceedings consistent with the relevant provisions of Rule 11 and this opinion.

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Peter J. Eckerstrom*
PETER J. ECKERSTROM, Judge

11