IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| PIMA COUNTY HUMAN RIGHTS COMMITTEE, KEN KARRELS, Chairman, | ) ) ) | 2 CA-CV 2012-0111 DEPARTMENT B |
| Plaintiff/Appellant, | ) ) | O P I N I O N |
| v. | ) ) | |
| ARIZONA DEPARTMENT OF HEALTH SERVICES, | ) ) ) | |
| Defendant/Appellee. | ) ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. C20121669

Honorable Scott Rash, Judge

AFFIRMED IN PART; VACATED IN PART; REMANDED

Lewis and Roca LLP
  By D. Douglas Metcalf                                             Tucson
                                      Attorneys for Plaintiff/Appellant

Thomas C. Horne, Arizona Attorney General
  By Joel Rudd and Aubrey Joy Corcoran                       Phoenix
                                Attorneys for Defendant/Appellee

K E L L Y, Judge.

¶1 The Pima County Human Rights Committee (PCHRC) appeals from the superior court's order affirming the Arizona Department of Health Services's (ADHS) denial of its request for information regarding deaths of persons enrolled in the mental health system and remanding the matter to ADHS for further proceedings. It argues the court erred by failing to conclude it was entitled to receive the requested information pursuant to A.R.S. § 41-3804(I), refusing to allow it to take additional discovery and supplement the record on appeal, and dismissing its petition for special action. We affirm the superior court's order in part, vacate it in part, and remand.

**Factual and Procedural Background**

¶2 PCHRC is a human rights committee on the mentally ill, as defined in A.R.S. § 41-3803. The committee was "established in the department of health services to promote the rights of persons who receive behavioral health services." § 41-3803(A). Its role is to "provide independent oversight to . . . [e]nsure that the rights of clients are protected [and] . . . [r]eview incidents of possible abuse, neglect or denial of a client's rights." § 41-3804(E). To that end, it has access "to client information and records maintained by the appropriate department, provider or regional behavioral health authorities to the extent necessary to conduct committee duties." § 41-3804(I).

¶3 In 2007, ADHS began providing PCHRC with Client Mortality Review and Mortality Review Addendum forms pursuant to a superior court ruling. In July 2010, ADHS informed PCHRC that it would no longer receive those documents from its providers and, therefore, would stop providing them to PCHRC. It would, however, continue to deliver Incident/Accident/Death Reports (IADs) to the committee. PCHRC

2

notified ADHS that IADs did not provide sufficient information to allow the committee to perform its oversight role and requested that ADHS provide it with the information previously supplied on the mortality forms concerning circumstances of deaths of persons receiving mental health services through ADHS. *See* § 41-3804(I), (J). ADHS denied the request, explaining that it had replaced its mortality review process with a quality of care and peer review process. PCHRC appealed the decision and requested a hearing.

¶4 Before an administrative law judge (ALJ), PCHRC argued it was entitled to all information previously provided on the Client Mortality Review and Mortality Review Addendum forms on two grounds: (1) the 2007 ruling required ADHS to disclose the information contained in the mortality documents, regardless of the format in which it was collected, and (2) § 41-3804(I) and related statutes required ADHS to provide PCHRC with the information, "even if for some reason [the 2007] ruling is not controlling." ADHS responded that it no longer acquired, and therefore no longer possessed the requested information, and that PCHRC was not entitled to information prepared in connection with its peer review or quality assurance process. The ALJ concluded that the previous ruling "d[id] not support [PCHRC]'s position" and recommended that ADHS deny the appeal. ADHS adopted the ALJ's findings of fact and conclusions of law, with minor technical changes, and denied the appeal without making additional findings.

¶5 PCHRC appealed to the superior court, *see* A.R.S. § 12-905(A), arguing ADHS's decision was not supported by substantial evidence and the ALJ had failed to

3

address its statutory argument.[1] It also filed a motion to take discovery and to introduce additional evidence,[2] and requested special action relief ordering ADHS to produce all records containing information about the deaths of persons enrolled in the mental health system. The court dismissed PCHRC's petition for special action and denied its motions to take discovery and introduce new evidence. The court found the ALJ's decision did not determine what information ADHS continued to collect or whether ADHS was required to disclose that information pursuant to § 41-3804(I). It affirmed ADHS's decision "on the narrow issue related to [the previous ruling]," but remanded the matter to ADHS "to take additional evidence on the specific information ADHS now collects about the deaths of individuals who were enrolled in the mental health system in Pima County, where that information is now maintained or recorded, and whether that information . . . [is] subject to a privilege of non-disclosure."

¶6        This appeal followed. We have jurisdiction pursuant to A.R.S. § 12-913.

## Discussion

¶7        A party may seek review of a final administrative decision by filing an action in the superior court. A.R.S. § 12-904. The scope of the court's review is established by A.R.S. § 12-910(E):

---

[1]PCHRC asserts in its opening brief that "the intent of [the 2007] ruling was that the substance of the information contained in the forms had to be produced," and later cites the ruling's legal conclusion that factual information is not protected by a quality assurance privilege. However, it does not challenge on appeal the agency's interpretation of the 2007 ruling.

[2]It also requested a trial de novo, but on appeal does not challenge the superior court's denial of that motion.

4

> The [trial] court may affirm, reverse, modify or vacate and remand the agency action. The court shall affirm the agency action unless after reviewing the administrative record and supplementing evidence presented at the evidentiary hearing the court concludes that the action is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion.

Because the superior court did not hold an evidentiary hearing or admit any new evidence, we review its judgment de novo, "reaching the same underlying issue as the superior court." *Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, ¶ 13, 153 P.3d 1055, 1059 (App. 2007); *Siler v. Ariz. Dep't of Real Estate*, 193 Ariz. 374, ¶ 14, 972 P.2d 1010, 1014 (App. 1998).

**Remand to Agency**

¶8          PCHRC argues the superior court erred by remanding the matter to ADHS pursuant to A.R.S. § 12-911(A)(7). The court noted the administrative record was "incomplete" because it did not reflect "whether the information contained in the [previous mortality] documents is still collected by ADHS, a provider, or regional behavioral health authority, and if so, in what form." It initially granted PCHRC's motion for leave to take discovery, but later in chambers vacated that order. Instead, it remanded the matter to ADHS "to take additional evidence" on the specific information it now collects and where that information is maintained.[3]

_____

[3]The superior court additionally stated it was "for ADHS in the first instance to determine whether the information . . . is subject to a privilege." However, ADHS already has determined that all of the requested information it continues to collect is privileged. It stated in its answer to PCHRC's complaint that it was "precluded from providing [the requested] information" by A.R.S. §§ 36-2403 and 36-501(40). It also

5

¶9        Section 12-911(A)(7) provides "[t]he superior court may . . . remand for the purpose of taking additional evidence when from the state of the record of the administrative agency or otherwise it appears that such action is just."  However, under the circumstances presented here, we conclude the court abused its discretion by determining remand was "just" for the following reasons:  PCHRC's request was made pursuant to § 41-3804, which establishes a five-day expedited agency review process that does not provide for an administrative hearing; PCHRC already has submitted to one administrative hearing; and, over two years have passed since PCHRC first challenged ADHS's denial.  *See Potter v. Vanderpool*, 225 Ariz. 495, ¶ 6, 240 P.3d 1257, 1260 (App. 2010) (error of law constitutes abuse of discretion).

¶10       Section 41-3804(J) establishes a unique review procedure for human rights committee information requests.  It states, in relevant part:

> If a committee's request for information or records from a department is denied, the committee may request in writing that the director of the appropriate department review this decision.  The agency director or designee shall conduct the review within five business days after receiving the request for review.  The agency shall bear the costs of conducting the review.  A final agency decision made pursuant to this subsection is subject to judicial review pursuant to [A.R.S. §§ 12-901 through 12-914].

¶11       In its September 2010 letter to ADHS, PCHRC cited § 41-3804(J) and requested that ADHS "review[] [the denial] within five business days after receiving this letter."  In its supplemental brief and at oral argument in this court, PCHRC again noted

---

stated in its response to PCHRC's motion to take discovery that "[a]ll information collected as part of the Quality of Care Concern process is quality assurance privileged."

6

that ADHS had only five days to review the denial of its information request before the matter became subject to judicial review by the superior court. At oral argument, PCHRC explained it had agreed initially to proceed with an administrative hearing to "tak[e] the path of least resistance" and avoid an allegation it had failed to exhaust its administrative remedies. Nonetheless, it questioned whether a reviewing court had the authority to order further evidentiary proceedings at the administrative level in light of § 41-3804(J). ADHS conceded the statute allows for judicial review but argued "there has to be an administrative decision, which means there has to be an administrative hearing."

¶12 The interpretation of a statute is a question of law we review de novo. *Lear v. Fields*, 226 Ariz. 226, ¶ 15, 245 P.3d 911, 917 (App. 2011). Our goal in interpreting a statute is to "'fulfill the intent of the legislature,'" looking first to the plain meaning of the statute's language. *Villa de Jardines Ass'n v. Flagstar Bank, FSB*, 227 Ariz. 91, ¶ 7, 253 P.3d 288, 292 (App. 2011), *quoting Zamora v. Reinstein*, 185 Ariz. 272, 275, 915 P.2d 1227, 1230 (1996). Based on the plain language of § 41-3804(J), once PCHRC challenged ADHS's denial of its request for information, ADHS's director had five days to review the decision, after which PCHRC was entitled to seek review of that "final agency decision" by the superior court pursuant to §§ 12-901 through 12-914. This is a significantly abbreviated process when compared to the uniform administrative hearing procedures, which provide (1) a hearing typically must occur within sixty days of a request, A.R.S. § 41-1092.05(A); (2) the ALJ has twenty days after the hearing to issue its decision, A.R.S. § 41-1092.08(A); (3) the agency has thirty additional days to review

7

and accept, reject or modify the ALJ's decision and issue a final administrative decision, § 41-1092.08(B); and, (4) a party may seek review of the final administrative decision pursuant to §§ 12-901 through 12-914, § 41-1092.08(H).

¶13    We presume the legislature was familiar with the uniform administrative hearing procedures and knew that, by entitling committees to seek review by the superior court after five days, there would be insufficient time to conduct an evidentiary hearing at the administrative level. *See Wareing v. Falk*, 182 Ariz. 495, 500, 897 P.2d 1381, 1386 (App. 1995) (legislature presumed to know existing law). The statute therefore indicates the legislature intended to expedite the process under these circumstances and determined that disputes over these requests are not suited to the traditional administrative process. *See* Senate Fact Sheet, S.B. 1274, 44th Leg., 2nd Reg. Sess. (Ariz. 2000) (bill "[r]equires departments . . . to provide client records and information to committee members unless prohibited by federal law" and "[e]stablishes appeal procedures if a request for information is denied"). To require PCHRC to submit to another administrative hearing on remand would frustrate the legislature's explicit intent to allow human rights committees to bypass that process and take advantage of a specifically designed appeals procedure.

¶14    We must interpret statutes "in light of the entire statutory scheme 'so they may be harmonious and consistent.'" *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, ¶ 30, 257 P.3d 1168, 1177 (App. 2011), *quoting State v. Flynt*, 199 Ariz. 92, ¶ 5, 13 P.3d 1209, 1211 (App. 2000). Therefore, although the superior court generally has discretion to remand a matter for an agency to "tak[e] additional

8

evidence," § 12-911(A)(7), here § 41-3804(J) entitles PCHRC to expedited review of its request and the administrative proceedings in this matter already have deviated from the procedure and significantly exceeded the timeline established by the legislature. Although the court reasonably may have concluded the record contained insufficient evidence upon which to base a decision on review, § 12-910 provides a framework for supplementing the record and remand was unnecessary. Therefore, the court abused its discretion by remanding this matter to ADHS for further evidentiary proceedings. *See Potter*, 225 Ariz. 495, ¶ 6, 240 P.3d at 1260.

**Special Action**

¶15        PCHRC petitioned for special action relief in the superior court, alleging that its appeal did not provide an adequate remedy because "after the Superior Court reverses [ADHS's] final decision . . . [ADHS] will simply change the form or the method it uses to collect information and thus thwart the decision of the Superior Court." PCHRC therefore asked the court to reverse ADHS's denial, "order[] ADHS to produce any and all records about deaths of persons enrolled in the mental health system," and issue a writ of mandamus requiring it to produce the records. The court granted ADHS's motion to dismiss the special action, finding as one basis for its ruling "that there is an adequate legal remedy through the administrative review appeals process."[4]

---

[4]The court also found that the 2007 ruling had concluded the mortality forms were not subject to a quality assurance privilege, but had not addressed whether ADHS was required to disclose specific information contained within the forms.

**¶16** Whether to accept jurisdiction of a special action petition is within the sound discretion of the superior court. *See Pima Cnty. Assessor v. Ariz. State Bd. of Equalization*, 195 Ariz. 329, ¶ 8, 987 P.2d 815, 818 (App. 1999). Special action relief is not available "where there is an equally plain, speedy, and adequate remedy by appeal." Ariz. R. P. Spec. Actions 1(a).

**¶17** PCHRC acknowledges that, pursuant to § 12-911(A)(5), the superior court may "[m]odify, affirm or reverse the decision [of the administrative agency] in whole or in part." However, it argues reversal of ADHS's decision would not provide adequate relief "because of ADHS's evasion of [the 2007] order entered in an administrative appeal over substantially the same issue." It alleges ADHS was able to evade the 2007 ruling because the language was narrow and only required ADHS to produce particular forms. In this action, by contrast, PCHRC made a broad request for information regardless of the form in which it is collected. On review it asked the superior court to reverse ADHS's denial of its broad request for "all information previously provided on [the mortality forms] concerning circumstances of deaths of enrolled members in [Pima] County since July 1, 2010." Its suggestion ADHS will attempt to "evade" a ruling in its current appeal relies on two assumptions: that a potential ruling in its favor will contain narrow language, ordering only that ADHS produce particular forms, and that ADHS will change its forms to avoid complying with the order. PCHRC has not established at this point in the proceedings that its concerns will come to fruition and render its relief inadequate pursuant to §§ 12-901 through 12-914. *See* Ariz. R. P. Spec. Actions 1(a).

10

Therefore, we conclude the superior court did not abuse its discretion in dismissing the petition.[5] *See Pima Cnty. Assessor*, 195 Ariz. 329, ¶ 8, 987 P.2d at 818.

**Disposition**

**¶18**        For the foregoing reasons, we affirm the superior court's dismissal of PCHRC's petition for special action, but vacate the remainder of its June 11, 2012, order and remand to that court for further proceedings consistent with this decision and §§ 12-910 and 12-911.  PCHRC's request for its costs and attorney fees pursuant to A.R.S. § 12-348 is denied.  *See* § 12-348 (court shall award fees to party "that prevails by an adjudication on the merits" in action to review agency decision).


/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge


CONCURRING:

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge


/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

---

[5]Because we vacate the remainder of the superior court's rulings and remand for further proceedings, we decline to address PCHRC's remaining arguments on appeal. *See Grand v. Nacchio*, 222 Ariz. 498, n.5, 217 P.3d 1203, 1207-08 n.5 (App. 2009) (court of appeals does not give advisory opinions or decide issues not required to dispose of appeal).