NORRIS, Judge,
specially concurring in the result:
¶ 37 With respect, I do not agree with the majority’s conclusion that Arizona Rule of Procedure for the Juvenile Court 103(F), and subsection (4) in particular, “divests” the juvenile court of jurisdiction to enter an order of adoption during the pendency of a parent’s appeal from an order terminating his or her parental rights. I concur, however, in the result reached by the majority.
1138 Rule 103 governs appeals from final orders of the juvenile court. As the majority recognizes, Rule 103(F) allows the juvenile court to address and resolve certain matters during the pendency of an appeal. Although the rule does not explicitly limit these matters to the appealed case, to construe the rule as restricting the authority of the juvenile court to act in other, separate eases, as the majority does here, conflicts with the wording and overall structure of Rule 103 and its subparts. See generally Potter v. Vanderpool, 225 Ariz. 495, 498, ¶ 8, 240 P.3d 1257, 1260 (App.2010) (providing guidelines for construing court rules). For example, Rule 103(A) speaks in terms of a particular appeal and describes “the parties to the appeal”; Rule 103(B) authorizes an appellate court to suspend or stay the execution of an order of the juvenile court in “the appeal”; and Rule 103(F) allows the juvenile court to proceed within its legal authority during “the pendency of an appeal,” subject to certain exceptions.
¶ 39 Other juvenile court rules also undermine the majority’s conclusion. For example, Rule 85(A) authorizes a person to seek to set aside an adoption alleging those grounds as permitted by Arizona Rule of Civil Procedure 60(c), the rule for vacating civil judgments. Under Rule 60(c)(5), a court may relieve a party from a judgment when it is based on a prior judgment that has been “reversed or otherwise vacated.” Accordingly, Rule 85(A) authorizes the juvenile court to vacate a judgment which is based on a prior judgment that has been reversed or otherwise vacated. If, as the majority concludes, Rule 103(F)(4) divests the juvenile court of jurisdiction to act in a separate proceeding, then relief under Rule 60(c)(5), as ineorporat- *399 ed in Rule 85(A), would seldom if ever be needed. And, as the majority notes, Rule 79(A)(3) requires an adoption petitioner to disclose in the adoption petition whether “any termination of parental rights proceedings is pending, including any appeal.” As the majority correctly notes, this disclosure requirement is designed to “inform the juvenile court of the pendency of an appeal from a termination order.” See supra ¶ 24. The obvious purpose of this disclosure requirement is to enable the juvenile court to consider whether granting the adoption during the pendency of the appeal would be in the best interests of the child. Rule 79(A)(3) would have little to no practical purpose if Rule 103(F), and more particularly subsection (4), divests the juvenile court of jurisdiction to enter an order of adoption during the pen-dency of an appeal from a termination order.
¶40 Arizona statutes concerning termination of parental rights and adoption also undermine the majority’s conclusion. Section 8-538(A) (2014) states that a termination order is “conclusive and binding on all persons from the date of entry.” Further, AR.S. § 8-106(B)(2) (2014) does not require a parent whose parental rights have been terminated to consent to adoption. Although a parent may appeal a termination order, see infra ¶ 42, these statutes have the combined effect of investing the juvenile court with jurisdiction to grant an adoption pending the parent’s appeal of a termination order. If, however, the juvenile court is divested of jurisdiction to grant an adoption when an appeal from a termination order is pending, then the termination order is neither conclusive nor binding and A.R.S. § 8-106(B)(2) is of limited effect.
¶ 41 For these reasons, I disagree with the majority’s conclusion that Rule 103(F) divests the juvenile court of jurisdiction to grant an adoption during the pendency of a parent’s appeal from a termination order. I agree with the majority, however, that the juvenile court’s order refusing to set aside the adoption order cannot stand. As discussed above, under Rule 85(A) the juvenile court may relieve a party from a judgment when it is based on a prior judgment that has been reversed or otherwise vacated. That is precisely what happened here.
¶ 42 As the majority correctly notes, parents have a protected fundamental liberty interest in the care, custody, and management of their children. See supra ¶22. And, a parent is entitled to appeal an order terminating his or her parental rights. A.R.S. § 8-235(A) (2014) (any aggrieved party may appeal from final juvenile court order). Further, reversal of a judgment generally restores the parties to their original positions. Markel v. Transamerica Title Ins. Co., 103 Ariz. 353, 362, 442 P.2d 97, 106 (1968), overruled on other grounds by Burch & Cracchiolo, P.A. v. Pugliani, 144 Ariz. 281, 697 P.2d 674 (1985). Under these authorities, the juvenile court should have vacated the adoption order. Accordingly, I concur in the result and, thus, in the relief granted by the majority.