IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ANTHONY DEFRANCESCO,
*Petitioner/Appellee,*

*v.*

ADRIENE DEFRANCESCO,
*Respondent/Appellant.*

No. 1 CA-CV 19-0055 FC
FILED 12-5-2019

Appeal from the Superior Court in Maricopa County
No.  FC2011-091013
FN2017-092333
The Honorable Katherine M. Cooper, Judge

**AFFIRMED**

COUNSEL

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Counsel for Petitioner/Appellee*

Dickinson, Wright, PLLC, Phoenix
By Steven D. Wolfson, Michael R. Scheurich
*Counsel for Respondent/Appellant*

---

**OPINION**

Judge Diane M. Johnsen delivered the opinion of the court, in which Presiding Judge Kenton D. Jones and Judge James B. Morse Jr. joined.

---

**J O H N S E N**, Judge:

¶1        The manager of a professional minor-league baseball team served a petition for dissolution on his wife in June 2017, midway through the baseball season.   We hold that a bonus he received after his organization's major-league team won the World Series that year is his separate property.

## FACTS AND PROCEDURAL BACKGROUND

¶2        Anthony DeFrancesco ("Husband") and Adriene DeFrancesco ("Wife") married in 1988 and legally separated in 2012.  Husband served a petition for dissolution on June 23, 2017.  Notwithstanding their legal separation, both parties acknowledged they shared community property that would need to be divided in the dissolution.

¶3        Husband was a long-time employee of the Houston Astros baseball organization.  From the outset of the 2017 baseball season,  he managed the Astros' AAA minor league affiliate team.  After the Astros won the World Series in October 2017, the team paid Husband a bonus of $28,151.26.  The superior court rejected Wife's argument that the bonus belonged to the community and ruled it was Husband's separate property. After the court entered its decree of dissolution, Wife timely appealed the ruling.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120(A)(1) (2019) and -2101(A)(1) (2019).[1]

## DISCUSSION

¶4        Whether property belongs to the community or is the separate property of a spouse is a matter of law that we review *de novo*. *In re Marriage of Pownall*, 197 Ariz. 577, 581, ¶ 15 (App. 2000).  The general rule is that "[p]roperty that is acquired by a spouse after service of a petition for

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute or rule.

dissolution" that results in a dissolution is that spouse's separate property. A.R.S. § 25-213(B) (2019). Because Wife argues the bonus Husband received after service of the petition was an exception to that rule, she had the burden to establish any facts required to support her contention. *See generally In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 6 (App. 2016) (parallel community-property statute, A.R.S. § 25-211(A) (2019), creates "legal presumption" that must be overcome by spouse claiming an exception).

¶5        Wife correctly argues that, notwithstanding § 25-213(B), not every item of value a spouse receives after service of a dissolution petition is that spouse's separate property. For example, a pension earned during a marriage belongs to the community even though it may not be paid out until after dissolution. In *Van Loan v. Van Loan*, 116 Ariz. 272 (1977), a spouse argued that as long as he had not yet retired, his pension was a "mere 'expectancy'" rather than a property right subject to equitable division in his dissolution. 116 Ariz. at 273. Our supreme court ruled the pension was community property because it was a contractual right earned during the marriage, "not an expectancy." *Id.* at 274. The court cited the California Supreme Court for the proposition that "the defining characteristic of an expectancy is that its holder has no enforceable right to its beneficence." *Id.* at 274 (quoting *In re Marriage of Brown*, 544 P.2d 561, 565 (Cal. 1976)).

¶6        Similarly, a contingent fee a lawyer earns during the marriage but receives after dissolution is a community asset because it is an enforceable contractual right that arose during the marriage. *Garrett v. Garrett*, 140 Ariz. 564, 567-68 (App. 1983) (because contingent fee was not a "mere expectancy," it was community property to the extent "community labor contributed to" its acquisition).

¶7        Courts in other community-property states have applied a similar analysis in considering whether a payment received after the marriage could belong to the community as compensation for services rendered during the marriage. For example, in *In re Marriage of Nelson*, 222 Cal. Rptr. 790 (App. 1986), the court ruled that a year-end bonus a spouse received after the parties separated in anticipation of divorce was that spouse's separate property. 222 Cal. Rptr. at 794. The other spouse asserted the bonus "was paid either in consideration for or in recognition of services rendered during marriage," *id.*, but the court concluded that although the employer often awarded bonuses at the end of the year, employees had "only an expectancy of a year-end bonus rather than a right to one contingent solely upon continued employment." *Id.* at 795.

¶8        The court in *Pelafigue v. Sudduth*, 820 So. 2d 583 (La. App. 2002), came to the same conclusion with respect to a year-end bonus a spouse received after she filed for dissolution. 820 So. 2d at 595-96. The spouse was salaried and did not know she would receive a bonus, and there was no evidence the "bonus represented compensation for services performed before termination of the community." *Id.* The court explained, "[the spouse] had already been paid for the work that she performed during the existence of the community. Without other evidence, we can only conclude that her bonus was earned when it was paid." *Id*. at 596.

¶9        Of course, when a payment is received before service of a dissolution petition, the presumption is that it belongs to the community. A.R.S. § 25-211(A); *see Foster*, 240 Ariz. at 101, ¶ 6. But the presumption may be overcome, and in analyzing this question, Arizona courts have considered, as in *Van Loan* and *Garrett*, whether the payment relates to services rendered during the marriage. For example, in considering whether an employer's transfer of stock to a spouse is a gift (and therefore separate property) or earnings belonging to the community, courts have considered whether the spouse was otherwise sufficiently compensated for his or her services and whether the employer regularly made such transfers. *See Davis v. Davis*, 149 Ariz. 100, 102-03 (App. 1985); *see also Brebaugh v. Deane*, 211 Ariz. 95, 98-99, ¶¶ 8, 15 (App. 2005) (status of stock options that had not vested before the dissolution petition was served depended primarily on whether the employer gave them as "compensation for work performed" or as an incentive to encourage the spouse to remain with the company); *Holby v. Holby*, 131 Ariz. 113, 114 (App. 1981) (notwithstanding employer's cover letters describing stock it gave employee every Christmas as a gift, stock "was clearly a remuneratory gift. . . . in consideration of services rendered").

¶10        In *Davis*, we endorsed an approach that distinguishes between an ordinary gift and a "remuneratory gift," meaning a payment to which the spouse has no enforceable right but which nevertheless belongs to the community because it is "the equivalent of any other property earned through labor and industry" and made in consideration of services performed during the marriage. 149 Ariz. at 102-03 (quoting William Q. De Funiak & Michael J. Vaughn, *Principles of Community Property* § 70, at 159-60 (2d ed. 1971)). Under this reasoning, a gift "inspired by charity, affection, liberality or the like" is the spouse's separate property even if it is given "in recognition or appreciation of some individual merit." *Id.* And what otherwise might be a "remuneratory gift" belonging to the community becomes separate property if it "is so in excess of the value of the services

as to indicate that it is inspired by liberality rather than to remunerate the actual value of the services." *Id.*

¶11        Applying those principles here, Husband was a salaried employee of the Astros during the majority of 2017. Although the record does not make clear what the Astros paid him during that year, the team paid him about $108,000 in 2016. The occasion for the bonus (and the source of the monies from which the bonus was paid) was the Astros' success in the 2017 playoffs, culminating in a World Series victory. Wife offered no evidence for the proposition that, as a manager in the Astros' farm system, Husband had any legal entitlement to a share of the monies awarded to the team from the playoff pool; nor did she offer evidence that the salary the Astros paid him did not adequately compensate him for his labor during the season.

¶12        In sum, there is no suggestion in the record that the Astros' decision to share their playoff proceeds with Husband was anything but "a gift which, although in recognition or appreciation of some individual merit, is actually in the nature of a simple gift inspired by charity, affection, liberality or the like." *Id.* The superior court therefore did not err by concluding it was his separate property. *See* A.R.S. § 25-213.

## CONCLUSION

¶13        For the reasons set forth above and in our separate memorandum decision, *see* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(b), we affirm the decree.



AMY M. WOOD • Clerk of the Court
FILED:  AA