NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

KIMBERLY EGGERT, *Petitioner/Appellee*,

*v.*

STEPHEN J. CLARK, *Respondent/Appellant*.

No. 1 CA-CV 22-0703 FC
FILED 10-17-2023

Appeal from the Superior Court in Maricopa County
No. FN2021-052257
The Honorable Paula A. Williams, Judge

**VACATED AND REMANDED**

COUNSEL

State 48 Law Firm, Scottsdale
By Robert Hendricks, Stephen Vincent
*Counsel for Respondent/Appellant*

Burggraff Tash Levy PLC, Scottsdale
By Bryan K. Levy, Michael Dinn
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

_____

**F U R U Y A**, Judge:

¶1        Stephen Clark appeals from a superior court default decree of dissolution ("Decree") from Kimberly Eggert and from orders denying his motions to set aside the Decree and to alter or amend the Decree or for relief and reconsideration. For the following reasons, we vacate the Decree in part and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        In March 2002, Clark purchased the real property at issue as his residence ("Clark Residence") and was the sole title holder.

¶3        Clark married Eggert in April 2020. In July 2021, Clark refinanced the Clark Residence, adding Eggert to the financing. The parties signed a loan application which stated Eggert's name would be added to the title. Eggert presented evidence she may have contributed to the mortgage payment in November 2021. However, she never resided at the Clark Residence and produced no evidence that her name was added to the title.

¶4        In December 2021, Eggert petitioned to dissolve the parties' marriage. Her petition alleged "the parties have acquired community, joint and common property, and debt, which should be equitably divided," and "the parties should be awarded their sole and separate property and debts." She did not characterize the Clark Residence as either community or separate, nor did she otherwise explicitly discuss it in her petition.

¶5        Eggert requested entry of default after Clark failed to respond to the petition. Clark received the application for default the same day it was filed in January 2022. The following month, the court held a hearing and entered default judgment against Clark, treating the Clark Residence as community property. The resulting Decree required Clark to refinance the Clark Residence within 90 days to remove Eggert's name from the loan encumbrance and that she be given 50% of the Clark Residence's appraised value, minus the encumbrance. In May 2022, Clark confirmed to Eggert he was removing her name from the financing.

¶6          In July 2022, Clark moved to set aside the Decree, arguing it exceeded the scope of Eggert's petition for dissolution by categorizing the Clark Residence as community property. He also moved to alter or amend the Decree or for relief or reconsideration in October 2022, arguing there was insufficient evidence to classify the Clark Residence as community property and the property division was inequitable. In December 2022, he supplemented his October 2022 motion and asked the court to set aside the Decree and resolve the case on the merits. The court denied all of his motions.

¶7          Clark timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-2101(A) and -120.21(A).

## DISCUSSION

### I.    Standard of Review

¶8          We review the denial of a motion to set aside a default decree for an abuse of discretion and will affirm if substantial evidence supports the court's findings. *Duckstein v. Wolf*, 230 Ariz. 227, 231 ¶ 8 (App. 2012). We review de novo purely legal questions, such as questions of statutory interpretation, *Amadore v. Lifgren*, 245 Ariz. 509, 514 ¶ 5 (App. 2018), and the court's characterization of property as separate or community, *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523 ¶ 4 (App. 2007).

### II.    Eggert's Petition Did Not Provide Reasonable Notice the Clark Residence May be Considered Community Property.

¶9          Clark contends the Decree's award of a community interest in the Clark Residence to Eggert was error because he did not receive reasonable notice the Clark Residence could be considered community property.[1] We agree.

---

[1]    Eggert asserts Clark waived his due process argument because he raises it for the first time on appeal. But the general rule against addressing issues not raised first to the trial court is one of procedure, not jurisdiction. *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503 (1987). And the question of whether an appellate court "should review a question raised here for the first time depends upon the facts and circumstances disclosed by the particular record." *Id.* Because of the particular facts and circumstances raised in this record and in the interests of justice, we will address the due process challenge.

**¶10** The United States and Arizona constitutions protect due process rights. U.S. Const. amend. V, XIV, § 1; Ariz. Const. art. II, § 4. Due process requires a petition for dissolution of marriage to contain "a simple statement of a claim that shows the petitioner is entitled to relief." Ariz. R. Fam. L. P. 24(a)(2). This statement of claim must provide notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See Blair v. Burgener*, 226 Ariz. 213, 219 ¶ 19 (App. 2010) (citations omitted). Thus, our inquiry is whether, given all the circumstances, Eggert's petition was reasonably calculated to apprise Clark that she intended to claim the Clark Residence as community property, such that he could object to that position.

**¶11** "'Property takes its character as separate or community at the time [of acquisition] and retains [that] character' throughout the marriage." *Bell-Kilbourn*, 216 Ariz. at 523 ¶ 5 (quoting *Honnas v. Honnas,* 133 Ariz. 39, 40 (1982)). Generally, property owned by a spouse before marriage is the separate property of that spouse. A.R.S. § 25-213(A). A person may convey a sole and separate property interest to their marital community, "but only if done by a written instrument accompanied by contemporaneous conduct indicating an intent to convey such interests." *Bell-Kilbourn*, 216 Ariz. at 523 ¶ 7 (citation omitted). Further, use of community funds to pay mortgage payments on a spouse's separate property does not change the separate property's character. *See Drahos v. Rens*, 149 Ariz. 248, 249 (App. 1985).

**¶12** Here, the record establishes Clark bought the Clark Residence approximately 18 years before the parties were married. Thus, the Clark Residence, as a matter of law, is subject to the presumption of sole and separate character. A.R.S. § 25-213(A); *and see generally DeFrancesco v. DeFrancesco*, 248 Ariz. 23, 24 ¶ 4 (App. 2019) (citing *In re Marriage of Foster*, 240 Ariz. 99, 101 ¶ 6 (App. 2016)) (construing similar legal presumption created by A.R.S. § 25-211(A)(1), where property acquired by "gift, devise or descent" is presumed separate property).

**¶13** Further, the parties were married for less than 20 months, during which time Eggert never resided at the Clark Residence. And Eggert filed her petition approximately four months after Clark's refinancing. She contributed to the Clark Residence's mortgage payment for at most one month and provided no evidence her name was added to its title.

**¶14** Because she contends the Clark Residence is community property, it is Eggert's burden to establish any facts required to support her contention. *DeFrancesco*, 248 Ariz. at 24 ¶ 4. But the petition alleges only the

existence of both separate property and community property and asks the court to characterize the property and dispose of it commensurately. Eggert's petition makes no allegations to support characterizing the Clark Residence as community property. And it does not allege facts to support transmutation.

**¶15** Given this record and the applicable presumption, *see* A.R.S. § 25-213(A), Clark could not reasonably anticipate the Clark Residence would be characterized as community property absent a specific statement in the petition apprising him of that possibility. Therefore, Eggert's petition does not provide reasonable notice of her claim regarding the Clark Residence, and Clark's due process rights were consequently violated by the Decree.

**¶16** Eggert suggests Clark's default precludes this result. Not so. While "[a]n entry of default establishes as proven all well-pleaded facts," it does not constitute admission of any conclusion of law. *Moran v. Moran*, 188 Ariz. 139, 146 (App. 1996). Nor is a non-defaulting party entitled to an application of the law that is contrary to Arizona law. *See id.* Thus, Clark's default cannot cure Eggert's failure to advise Clark adequately of the litigations' stakes so he could fairly present his objections. *See Blair*, 226 Ariz. at 219 ¶ 19.

**¶17** Accordingly, we vacate the portion of the Decree characterizing and dividing the Clark Residence as community property, and the court's orders denying Clark's motions to set aside and to alter or amend or for relief or reconsideration. We affirm all remaining portions of the Decree. We remand for further proceedings to determine—with Clark provided a full and fair opportunity to participate, and Eggert permitted to present any evidence the Clark Residence is community property— whether the Clark Residence is community property or separate property.[2]

**¶18** Given this resolution, we need not address the parties' further arguments. *See Pima Cnty. Hum. Rts. Comm. v. Ariz. Dep't of Health Servs.*, 232 Ariz. 177, 182 ¶ 17 n.5 (App. 2013) (explaining we decline to decide issues not required to dispose of appeal).

---

[2] We note Clark has waived his arguments Eggert committed fraud or intentionally misrepresented the Clark Residence as community property, and those claims are therefore not at issue on remand.

## CONCLUSION

**¶19**      We partially vacate the Decree as described herein and remand for further proceedings consistent with this decision.

**¶20**      As the prevailing party on appeal, we award Clark his costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. Upon consideration and in exercise of our discretion, we decline to award his request for attorneys' fees.

